IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

BRANDON WELLS,

        Plaintiff,

v.                                                          No. CIV 09-150 BB/KBM

NEW MEXICO ADULT PROBATION AND
PAROLE; OFFICER WESLEY HATLEY;
and ELIZABETH QUEENER, in their
individual and representative capacities,

        Defendants.

MEMORANDUM OPINION
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on the motion of Defendants for partial summary judgment on Plaintiff's state law claims [doc. 24]. The Court having read all proper submissions of the parties, finds the motion is supported by law and must be Granted.

*Discussion*

I.    **Legal Standard**

Summary judgment is appropriate if there is no genuine issue about any material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the record and makes all

reasonable inferences in the light most favorable to the nonmoving party. *See Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000).

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). If this burden is met, the nonmovant cannot rest on the pleadings, but must set forth specific facts by reference to affidavits, deposition transcripts or other exhibits to support the claim. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)). The nonmovant's burden is more than a simple showing of "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Therefore the nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004); *see also Piercy v. Maketa*, 480 F.3d 1192, 1197-98 (10th Cir. 2007).

II.   <u>Facts</u>

Defendants set forth eight paragraphs of undisputed facts. Plaintiff admits paragraphs 1, 2, and 3. As to paragraphs 4-6 and portions of paragraphs 7-8, Plaintiff claims he is "without knowledge or information sufficient to form a belief as to the truth" of these paragraphs. (Pl.'s Resp. p. 3). This response is insufficient to defeat

summary judgment. *Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827, 831 (1950); *Frost v. Perry*, 919 F. Supp. 1459, 1467 (D. Nev. 1996), *aff'd*, 133 F.3d 1159 (9th Cir. 1999). Plaintiff further maintains he is "entitled to infer the existence of additional duties at the summary judgment state, until he is able to conduct more extensive discovery on the question." (Pl.'s Resp. p. 9). Once again inferences are insufficient to combat summary judgment. *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1035 (D.C. Cir. 2007); *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 470 (N.D. Ohio 2007). Defendants' statement of facts will therefore be accepted although the Court finds the underlying legal issues dispositive.

### III.     New Mexico has not waived immunity

This Court is bound by the authoritative statements of the New Mexico courts in deciding sovereign immunity under state law. *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 841-42 (10th Cir. 2003). The New Mexico courts have definitively ruled that New Mexico adult probation officers are not exempt from sovereign immunity for purposes of the New Mexico Tort Claims Act ("NMTCA"), § 41-4-5 *et seq.*, NMSA (Cum. Supp. 2009). *Vigil v. Martinez*, 832 P.2d 405 (N.M. App. 1992); *Trask v. Franco*, 446 F.3d 1036, 1047 (10th Cir. 2006) (recognizing *Vigil* is dispositive on the issue).

Plaintiff argues Defendants Hatley and Queener are "law enforcement officers" and therefore not immune under the NMTCA in spite of *Vigil*. He contends they had

the power to arrest and that their overall duties satisfy the power to "maintain public order" and "make arrests for crime," definitions under the NMTCA. (Pl.'s Resp. p. 7). Unfortunately for Plaintiff, the New Mexico Court of Appeals fully recognized both these powers and following a lengthy analysis expressly rejected the "law enforcement" exemption for probation officers under the NMTCA. *Vigil*, 832 P.2d 409-412. This Court finds nothing to distinguish the present case from *Vigil*.

                                                          /s/ Bruce D. Black
                                                    **BRUCE D. BLACK**
                                                    **United States District Judge**